### UNITED STATES v. BURDICK et al.

(District Court, S. D. New York. February 27, 1914.)

1. PARDON (§ 3*)—AUTHORITY OF PRESIDENT—CHARGE OR CONVICTION OF OFFENSE.

The President has power to grant a pardon, though the person pardoned has never been charged or convicted of the offense.

[Ed. Note.—For other cases, see Pardon, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. WITNESSES (§ 303*)—PRIVILEGE—PARDON.

Where a witness declined to testify before the grand jury on the ground that his testimony might incriminate him, and the President issued an un-

conditional pardon, the witness was thereby deprived of the right to claim the privilege, without reference to whether he accepted the pardon or not.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1049, 1050; Dec. Dig. § 303.*]

Contempt proceedings by the United States against George Burdick and William L. Curtin. Respondents adjudged guilty of contempt, and judgment of fine and imprisonment imposed.

This case comes up upon the presentment of a grand jury for contempt. The respondents, the city editor and a reporter of the New York Tribune, refused to answer questions regarding the sources of their information which was the basis of certain articles in that newspaper regarding customs frauds. They contended that disclosure would tend to incriminate them, and they refused to answer. Later the President issued full pardons to both, covering any possible crime under these sections, which upon tender the respondents refused to accept and persisted thereafter in their refusal. Thereupon the grand jury presented them for contempt.

Frank E. Carstarphen, of New York City, for the United States.
Henry A. Wise, of New York City, for respondents.

HAND, District Judge (after stating the facts as above). There is concededly only one question in the case, which is whether the unaccepted tender of a pardon will toll the privilege against incrimination. This in turn divides into two parts: May the President pardon for a crime of which the individual has not been convicted and which he does not admit? Is acceptance necessary to toll the privilege?

[1] I have no doubt whatever that the President may pardon those who have never been convicted. The English precedents are especially pertinent. U. S. v. Wilson, 7 Pet. 150, 160, 8 L. Ed. 640. Lord Coke, 3 Inst. 233, c. 105, Of Pardons, says expressly that the royal prerogative extended as well before as after "attainder, sentence or conviction." Two pardons of Edward I of indicted, but not yet convicted, men, are given in full on pages 234, 235. Blackstone, vol. 4, c. 26, subd. IV, 4, gives a pardon as a special plea in bar to an indictment, and rather strangely, in view of later practice, observes that they are good "as well after as before conviction." Later, in chapter 27, he notes the advantage to the defendant of pleading a pardon in arrest of judgment, in that it avoided the attainder of felony. Chapter 30 deals with reprieves and pardons and subdivision II, 1, shows clearly that pardons before conviction were valid except in impeachments, where they were, however, valid after conviction.

In this country from the very first, Presidents have exercised not only the power to pardon in specific cases before conviction, but even to grant general amnesties. The instances are collected in an opinion of President Taft, while Solicitor General (Opinions of the Attorney General, vol. 20, p. 339 et seq.). They include amnesties by President Washington in 1795, President Adams in 1800, and President Madison in 1815. President Lincoln's amnesty of 1863 may perhaps be thought to depend upon 12 St. at Large, 592, c. 195, and not to be a precedent, though Chief Justice Chase indicates a contrary notion in U S. v. Klein, 13 Wall. 128, 141, 20 L. Ed. 519. President Johnson

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proclaimed a general unconditional amnesty to all who had taken part in the Civil War on December 25, 1868, and this was held valid to forgive forfeitures, even as against a subsequent legislative repeal, U. S. v. Klein, supra; Armstrong v. U. S., 13 Wall. 154, 20 L. Ed. 614. President Harrison acted upon the opinion of his Solicitor General, already mentioned, and issued a conditional amnesty to Mormons in 1893, 27 St. at Large, 1058, No. 42.

In Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366, the Supreme Court recognized the effect of a pardon granted by President Johnson to restore General Garland, who had never been convicted, to his status as attorney and counselor of the Supreme Court, though perhaps the discussion was not strictly necessary to the disposition of the case. However, Justice Field's language on page 380 of 4 Wall. (18 L. Ed. 366) is explicit, and the opinion of the minority does not question the propriety of a pardon for offenses without conviction. President Jefferson appears to have issued a pardon to a proposed witness in the trial of Aaron Burr, with a view, as here, to tolling the privilege; but, though the witness refused to accept it, I cannot learn that the question of privilege was raised upon the trial itself. The precedent shows, however, that this practice was used as early as 1807.

[2] It is suggested that a pardon may not issue where the person pardoned has not at least admitted his crime. I need not consider this, because every one agrees, I believe, that if accepted the acceptance is at least admission enough. It is an admission that the grantee thinks it useful to him, which can only be in case he is in possible jeopardy, and hardly leaves him in position thereafter to assert its invalidity for lack of admission. And so there arises the second point in the respondents' position, which is that, as they refused the pardon, they may still maintain the privilege. It is not necessary to assert that the pardon has any effect till accepted. U. S. v. Wilson, 7 Pet. 150, 161, 8 L. Ed. 640; In re De Puy, 3 Ben. 307, Fed. Cas. No. 3,814. I will for this purpose accept the contrary. When, however, the question is of privilege, the witness only needs protection (Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819), and he is protected when the means of safety lies at hand. If he obstinately refuses to accept it, it would be preposterous to let him keep on suppressing the truth, on the theory that it might injure him. Legal institutions are built on human needs and are not merely arenas for the exercise of scholastic ingenuity.

There was a suggestion that the privilege might rest upon the jeopardy of some other crime than that pardoned; but, unless the witness is to be the sole judge, there is no basis for that position. In this circuit we have always insisted that the court must see some reasonable ground for the witness' supposed fear, and may inquire so far. Brown v. Walker, supra.

The respondents are adjudged to be in contempt and are each fined $500. They may purge themselves by appearing on notice before the present or any subsequent grand jury and testifying fully as to the sources of their information. If they still persist at that time in refusing to answer, a commitment may issue in addition until they comply.